```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

TERRY R. WAYLAND, JR.,

      Plaintiff,

v.                                Case No: 2:23-cv-359-JES-NPM

THE HARTFORD INSURANCE COMPANY OF THE SOUTHEAST,

      Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on May 21, 2023. If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3). In this case, if jurisdiction is based on the presence of a federal question, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If jurisdiction is based on the presence of diversity, district courts also have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States…." 28 U.S.C. § 1332(a).

No jurisdictional statement has been provided in the Complaint asserting a federal question or the presence of diversity

as a basis for filing in federal court. Further, no federal causes of action are identified so the Court cannot determine if a federal question is present. The Civil Cover Sheet asserts a federal question (U.S. Government not a party) as the basis for subject matter jurisdiction but no nature of suit, federal statute, or section of the Constitution or a Treaty is identified. The Complaint cites to a federal statute for venue but does not explain why it applies.

> Article III of the Constitution confers subject-matter jurisdiction on federal courts over "all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States," subject to "such Exceptions, and under such Regulations as the Congress shall make." U.S. Const. art. III, § 2, cls. 1, 2. The lower federal courts are creatures of statute, and hence "[t]heir powers and duties depend upon the act calling them into existence, or subsequent acts extending or limiting their jurisdiction." Ex parte Robinson, 86 U.S. 19 Wall. 505, 511, 22 L. Ed. 205 (1873). In short, "[f]ederal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute." Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000) (internal quotation marks omitted). See also Bowles v. Russell, 551 U.S. 205, 212, 127 S. Ct. 2360, 168 L. Ed. 2d 96 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); Kontrick v. Ryan, 540 U.S. 443, 452, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.").

Del Valle v. Sec'y of State, United States Dep't of State, 16 F.4th 832, 837 (11th Cir. 2021).

Plaintiff states that the Complaint is an action for breach of contract "wherein Plaintiff seeks damages for more than $30,000." (Doc. #1, ¶1.) Plaintiff is a "resident" of Collier County, Florida, and defendant is a corporation that issues policies of insurance in Collier County, Florida. "As such, venue is proper in the Middle District of Florida pursuant to 42 U.S.C. § 4072." (Id., ¶¶ 2-3.) Plaintiff's property suffered flood damage totaling $70,577.26. Defendant has not responded to a sworn proof of loss and it is asserted this is a breach of the contract of insurance. (Id., ¶¶ 8-9.) A copy of the policy is not attached and the Complaint states that "the policy will be obtained in discovery." (Id., ¶ 4.)

Without a statement that the policy is governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*, and without a copy of the policy or allegation that the policy is underwritten by the U.S. Treasury as part of the National Flood Insurance Program, the Court cannot find that a federal question is stated. See 42 U.S.C. § 4071(a) (the Administrator determines and takes the necessary arrangements to carry out a program of flood insurance through the federal government). See also Shuford v. Fid. Nat. Prop. & Cas. Ins. Co., 508 F.3d 1337, 1343 (11th Cir. 2007) ("A suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the

3

National Flood Insurance Program are paid from the federal treasury.").

Alternatively, the Court finds that diversity is not alleged. The amount in controversy is below the threshold amount of $75,000. Further, citizenship is not sufficiently articulated as to either party.  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted). A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  Hertz Corp. v. Friend, 559 U.S. 77 (2010).  None of this information is provided.

4

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653. Plaintiff should also take the opportunity to amend the Complaint to comply with the Federal Rules of Civil Procedure. <u>See, e.g.</u>, Fed. R. Civ. P. 8(a) (a short and plain statement of jurisdiction and the claim showing entitlement to relief); Fed. R. Civ. P. 10(b) (claims must be in numbered paragraphs).

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of May 2023.

```
                              _____
                              JOHN E. STEELE
                              SENIOR UNITED STATES DISTRICT JUDGE
```

Copies:
Counsel of record